IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

EUGENE WESLEY                                                    PLAINTIFF

v.                      Civil No. 05-4053

PAT JONES                                                       DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Eugene Wesley, an inmate in the Arkansas Department of Correction, brings this pro se civil rights action. His complaint is before the court for pre-service screening pursuant to the provisions of 28 U.S.C. § 1915 and/or § 1915A.[1]

### I. Background

Wesley contends he has been denied his constitutional rights by acts of fraud and perjury committed by Pat Jones during a legal proceeding. He contends her actions have resulted in the illegal seizure of constitutionally protected items and have obstructed justice.

Specifically, Wesley maintains Jones gave false testimony under oath in his criminal trial on or about September 20, 1993, in the Circuit Court of Nevada County, Arkansas. Wesley maintains Jones was a crime victim and seeking revenge on whoever the police pointed a finger at.

---

[1]The court is required to screen prior to service all complaints filed by prisoners regardless of their fee status. 28 U.S.C. §§ 1915 & 1915A. *See e.g., Rowe v. Shake*, 196 F.3d 778, 780 (7th Cir. 1999). In this case, on June 13, 2005, prior to the case being transferred from the Eastern District of Arkansas, Wesley was ordered to either pay the $250 filing fee or submit an *in forma pauperis* (IFP) application. On September 29, 2005, a financial entry was made on the docket sheet indicating that the entire $250 filing fee had been paid in full. Plaintiff paid $228.83 toward the filing fee prior to the transfer of this case from the Eastern District of Arkansas and this court has received payment of the remaining $21.17. On September 30, 2005, plaintiff submitted an IFP application. By separate order, the application to proceed IFP has been granted and the order reflects that the full filing fee has been collected pursuant to the provisions of the Prison Litigation Reform Act.

Wesley contends Jones' perjured testimony was that she had seen him five or six months prior to the robbery of her place of employment. Jones testified Wesley had been driving a produce truck while wearing a mask. Wesley maintains the testimony will show he was not even in the State of Arkansas at the time and that Jones fabricated her testimony to make it more believable to the jury.

## II. Discussion

Wesley maintains he is seeking redress under 42 U.S.C. §§ 1983, 1985, & 1986. His claims are subject to dismissal.

First, any claims under § 1983 are barred by the statute of limitations as they are based on events that occurred more than three years before the filing of this complaint. Section 1983 actions are characterized as personal injury claims for purposes of applying the appropriate state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 276, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985). Arkansas' three-year personal injury statute applies to any § 1983 actions that accrued in this state. *Searcy v. Donelson*, 204 F.3d 797, 799 (8th Cir. 2000); *Ketchum v. City of West Memphis,* 974 F.2d 81, 82 (8th Cir. 1992). This case was filed on May 27, 2005. The alleged fabricated and/or perjured testimony was given on or about September 20, 1993, more than three years prior to the filing of the complaint.

Second, a § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. A private individual who complains of criminal conduct and is a witness for the prosecution does not act under color of law. *See e.g., Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975)("The mere fact that the individual defendants were complainants and witnesses in an action which itself was prosecuted under color of law does not

make their complaining or testifying other that what it was, *i.e.,* the action of private persons not acting under color of law."); *Rodgers v. Lincoln Towing Service, Inc.*, 596 F. Supp. 13, 21 (N.D. Ill. 1984), *aff'd*, 771 F.2d 194 (7th Cir. 1985)(A private citizen does not act under color of law when reporting a crime).

Jones cannot be sued under § 1983 because she is a private citizen, not acting under color of state law. Moreover, Jones is absolutely immune as a witness in a criminal proceeding. *Briscoe v. LaHue*, 460 U.S. 325, 103 S. Ct. 1108, 75 L. Ed. 2d 96 (1983)(A witness at trial has absolute immunity from suit under § 1983 for giving false testimony damaging to a subject of that testimony).

Third, his claims under 42 U.S.C. § 1985 fail as a matter of law. Although Wesley does not specify under which subpart of § 1985 he is bringing his claim, it is clear his claim fails under all three subparts. As the Supreme Court noted in *Kush v. Rutledge*, 460 U.S. 719, 103 S. Ct. 1483, 75 L. Ed. 2d 413 (1983), § 1985 prescribes five types of conspiracies that interfere with:

> (a) the performance of official duties by federal officers; (b) the administration of justice in federal courts; (c) the administration of justice in state courts; (d) the private enjoyment of "equal protection of the laws" and "equal privileges and immunities under the laws"; and (e) the right to support candidates in federal elections.

*Kush*, 460 U.S. at 724.

The first subpart, § 1985(1), deals with a conspiracy to prevent a federal officer from performing his duties. 42 U.S.C. § 1985(1). It requires a conspiracy between two or more persons in any state to prevent a person from holding office under the United States or from discharging his duties. This subpart is obviously inapplicable to Wesley's claims.

-3-

The first clause of subpart two, § 1985(2), deals with conspiracies to obstruct justice in any court of the United States or to intimidate a party, witness, or juror. There is no allegation of any conspiracy to obstruct justice in federal court.

The second clause of subpart two, § 1985(2), deals with conspiracies to obstruct justice in any state court. *Coleman v. Garber*, 800 F.2d 188, 190 (8th Cir. 1986). It provides that obstruction of justice occurs when: "two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws." 42 U.S.C. § 1985(2). Wesley clearly fails to "state a cause of action under the second part of section 1985(2) because [he] fail[s] to allege that there was 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Coleman*, 800 F.2d at 191 (*quoting Kush*, 460 U.S. at 726, 103 S. Ct. at 1487).

The first clause of subpart three, § 1985(3), deals with conspiracies to interfere with the private enjoyment of "equal protection of the laws" and "equal privileges and immunities under the laws." "To prove a § 1985(3) claim: [A] complaint must allege that the defendants did (1) 'conspire . . . ' (2) 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.' It must then assert that one or more of the conspirators (3) did, or caused to be done, 'any act in furtherance of the object of the conspiracy,' whereby another was (4a) 'injured in his person or property' or (4b) 'deprived of having and exercising any right or privilege of a citizen of the

-4-

United States.'" *Andrews v. Fowler*, 98 F.3d 1069, 1079 (8th Cir. 1996)(quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102-03, 91 S. Ct. 1790, 1798-99, 29 L. Ed. 2d 338 (1971)).

The conspiracy must be shown to be "fueled by some 'class-based, invidiously discriminatory animus.'" *Andrews*, 98 F.3d at 1079 (*quoting Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268, 113 S. Ct. 753, 758, 122 L. Ed. 2d 34 (1993)). Here, Wesley has not alleged that Jones acted with class-based animus. Further, Jones has not alleged he is a member of a protected class. As class-based animus is an element of a cause of action under 42 U.S.C. § 1985(3), Jones' claim is subject to dismissal.

Moreover, any claims Wesley has under § 1985 are barred by the statute of limitations. Section 1985, like § 1983, does not contain a specific statute of limitation. Following the dictates of the Supreme Court's opinion in *Wilson v. Garcia*, 471 U.S. 261, 266-68, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985), the courts apply the most analogous state statute of limitations. The Eighth Circuit applies the state's personal injury statute of limitations to § 1985 claims. *See e.g., Kaster v. Iowa*, 975 F.2d 1381, 1382 (8th Cir. 1992). A three year statute of limitations therefore applies and bars Wesley's claims. Ark. Code Ann. § 16-56-105 (1987).

Finally, Wesley's § 1986 claim is subject to dismissal. Section 1986 provides a cause of action against "[e]very person who, having *knowledge* that any of the wrongs conspired to be done, and mentioned in section 1985 of ... [T]itle [42], are *about to be committed,* and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do so, if such wrongful act be committed." 42 U.S.C. § 1986 (emphasis added). "Liability under § 1986 'is dependent on proof of actual knowledge by a defendant of the wrongful conduct.'"

-5-

*Brandon v. Lotter*, 157 F.3d 537, 539 (8th Cir. 1998)(*quoting Owen v. City of Independence,* 445 U.S. 622, 674 n. 15, 100 S. Ct. 1398, 63 L. Ed. 2d 673 (1980)).

To maintain his § 1986 action, Wesley would have to prove that: "(1) [Jones] had actual knowledge of a § 1985 conspiracy, (2) [Jones] had the power to prevent or aid in preventing the commission of a § 1985 conspiracy, (3) [Jones] neglected or refused to prevent a § 1985 conspiracy, and (4) a wrongful act was committed." *Brandon*, 157 F.3d at 539 (internal quotation marks and citation omitted). "A cause of action under § 1986 is dependent on a valid claim under § 1985." *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981). As no valid claim under § 1985 exists, no valid claim under § 1986 can exist.

The § 1986 claim also fails because it is barred by the statute of limitations. The statute of limitations for a conspiracy claim is one year. 42 U.S.C. § 1986.

### III. Conclusion

I therefore recommend Wesley's claims be dismissed on the grounds that the claims are frivolous, and fail to state claims. *See* 28 U.S.C. § 1915(e)(2)(B)(I)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Wesley has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Wesley is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of October 2005.

/s/ Bobby E. Shepherd
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)